UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJEENAH CRITTENDON, et al., <br> Plaintiffs, <br> v. <br> ANGELICA MULDROW, <br> Defendant. | Case No. 22-cv-09153-RS <br><br> **ORDER GRANTING MOTION TO TRANSFER VENUE** |

## I. INTRODUCTION

Pro se Defendant Angelica Muldrow moves to transfer venue in this matter, which has been partially reopened after the Ninth Circuit's mandate, to the Northern District of Georgia. Muldrow argues the availability of witnesses to testify, Muldrow's own financial limitations, and the judicial efficiency of litigating in a forum where Muldrow will be represented by counsel all support transfer. Plaintiff Ajeenah Crittendon offers no substantive opposition to the transfer. This motion is suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the foregoing reasons, Muldrow's Motion to Transfer is granted.[1]

## II. BACKGROUND

Plaintiffs Ajeenah Crittendon and EZ E-File Tax Preparers, Inc. ("EZ"), brought this suit

---

[1] Muldrow's additional motions seeking a mental health evaluation of Crittendon under Federal Rule of Civil Procedure 35(a) and a protective order against Crittendon are denied without comment on their merits. Muldrow can bring these motions again once the case has been transferred to the Northern District of Georgia.

against Defendant Angelica Muldrow, relying on the Court's diversity jurisdiction. Crittendon is Muldrow's aunt and the CEO of EZ. The proceedings in front of this court are summarized in greater detail in previous orders. *See* Dkt. No. 75. Briefly, Crittendon's claims were barred by res judicata on account of a prior lawsuit filed by Muldrow in the Northern District of Georgia. Therefore, Crittendon's complaint was dismissed with prejudice.

In September 2023, Crittendon appealed the order dismissing her Second Amended Complaint. The Ninth Circuit affirmed the dismissal of all claims, except as to Muldrow's acts that occurred after the Georgia court issued its judgment. The Ninth Circuit reversed the dismissal of Crittendon's claims to the extent they are premised on any of Muldrow's actions after March 2022. At issue now are Crittendon's claims, as limited. Muldrow moves, pursuant to 28 U.S.C. § 1404(a), to transfer of this matter to the Northern District of Georgia.

### III. LEGAL STANDARD

When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 344, (1960); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district.") (internal quotation marks and citations omitted). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988) (quoting *Van Dusen*, 376 U.S. at 622, 84 S.Ct. 805).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Pursuant to that section, a court should consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. *Id.* As the Ninth Circuit explained in *Jones v. GNC*

ORDER ON VENUE TRANSFER
CASE NO. 22-cv-09153-RS

*Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), additional factors that a court may consider include: (1) where the relevant agreements were negotiated and executed, (2) which state is most familiar with governing law, (3) the plaintiff's choice of forum, (4) the parties' contacts with each forum, (5) the parties' contacts with each forum that are related to the cause of action, (6) the relative costs of litigating in each forum, (7) the availability of compulsory process in each forum, and (8) access to evidence in each forum. *Id.* at 498–99.

Consistent with the above, courts in this district have articulated additional factors such as feasibility of consolidation with other claims, local interest in the controversy, and relative court congestion. *See Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013) (citations omitted); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

### IV. DISCUSSION

As a threshold matter, Crittendon could have brought this case in the Northern District of Georgia. As previously discussed, the bulk of Crittendon's claims could have or were brought as compulsory counterclaims in Muldrow's original case brought in Georgia. *See* Dkt. No. 75. The Northern District of Georgia has personal jurisdiction over Muldrow, a Georgia resident. Therefore, the main concern is the convenience and fairness of a transfer.

In opposing transfer, Crittendon erroneously and solely relies on the previous determination that venue was proper in this district. As Muldrow correctly states, the analysis of proper venue under Federal Rule of Civil Procedure 12(b)(3) is distinct from the analysis of transfer under 28 U.S.C. § 1404(a). The latter analysis assumes that the potential transferor court is a proper, but perhaps worse, venue. Crittendon, eliding these two distinct challenges to venue, argues only that Muldrow's current motion is somehow mooted by the previous denial of her 12(b)(3) motion. Therefore, Crittendon offers no rebuttal to Muldrow's arguments in support of a

transfer.

Despite Crittendon's failure substantively to oppose the transfer, there are factors weighing against granting Muldrow's motion. First, Crittendon's choice of venue is entitled to some deference. Second, Crittendon is domiciled in this district and has secured representation here but may not be able to do so in Georgia. Finally, Crittendon's brings claims under California law, in which a Georgia court may be less well-versed. However, none of these factors are dispositive and therefore must be weighed against Muldrow's arguments.

Motions to transfer "for convenience" rarely present as compelling of circumstances as they did in an earlier time. The ease and speed of travel, electronic communications, and the increasing use of virtual court appearances mean that it will not usually present a significant hardship to litigate in one forum as opposed to another. That, however, is a double-edged sword, because even though it makes it more challenging for the party seeking transfer to show it is warranted, it is also more difficult for the opposing party to show a transfer would cause it undue burden or prejudice.

In many instances, therefore, the deference due to the plaintiff's choice of forum—which has always been an important consideration—will be dispositive. While substantial consideration is generally given to a plaintiff's choice of forum, the degree of deference is substantially diminished in several circumstances, including where the conduct giving rise to the claims occurred in a different forum. *See, e.g., Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").

Costs of litigation also weigh heavily in the analysis. "Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and the convenience of witnesses is often the most important factor in resolving a motion to transfer." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) (citations and quotations omitted).

Muldrow argues witness convenience, her own financial limitations, and judicial efficiency all support transfer of this matter. She avers witnesses in this case, namely her father Joe Muldrow

ORDER ON VENUE TRANSFER
CASE NO. 22-cv-09153-RS

4

and Belinda Taylor, Muldrow's aunt and Crittendon's twin sister, would be able to testify in Georgia more easily than this district. Joe Muldrow and Belinda Taylor have submitted declarations in support of this point. Muldrow also highlights the financial difficulty for her to travel to San Francisco, as a Georgia resident who is the sole caretaker for her mother and two children.

Finally, Muldrow avers she cannot afford to retain counsel in this district and submits the declaration of an attorney, Frank G. Podesta, who represented her previously. Mr. Podesta is licensed in Georgia, but not in California, and declares he will represent Muldrow if the matter is transferred. Muldrow therefore argues litigating in Georgia would be in the interest of justice, given the value of representation. She also highlights the judicial efficiency of transfer, where the Northern District of Georgia previously heard similar claims about Crittendon's alleged filing of fraudulent tax forms in order to harass Muldrow. This averred fraud and harassment is referenced in Muldrow's statements, which form the basis of Crittendon's defamation and libel claims. Therefore, the Georgia court, Muldrow avers, is more familiar with the relevant conduct and evidence in this matter. Given the balance of the factors regarding convenience and fairness, Muldrow's Motion to Transfer is granted.

## V. CONCLUSION

Defendant Angelica Muldrow's Motion to Transfer Venue, pursuant to 28 U.S.C. 1404(a), is hereby granted. This matter shall be transferred to the United States Court for the Northern District of Georgia.

**IT IS SO ORDERED**.

Dated: January 6, 2025

RICHARD SEEBORG
Chief United States District Judge

ORDER ON VENUE TRANSFER
CASE NO. 22-cv-09153-RS