IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AJEENAH CRITTENDON, et al., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 1:25-cv-00046-TCB |
| | ) |
| ANGELICA MULDROW, | ) |
| | ) |
|    Defendant. | ) |
| _____ | ) |

**BRIEF IN SUPPORT OF
<u>MOTION TO RETRANSFER VENUE OF ACTION</u>**

<u>**PRELIMINARY STATEMENT**</u>

This case involves Plaintiff's claims that Defendant published false and defamatory statements about Plaintiff and her business, which is located in Livermore and Dublin, California. It was originally filed in the United States District Court for the Northern District of California (the "California Court") on December 29, 2021. The California Court later dismissed the case in its entirety on August 22, 2023 on *res judicata* grounds. On appeal, a portion of Plaintiff's claims were reinstated and sent back to the California Court for trial.

Thereafter, on remand after being reversed, on or around January 6, 2025, the California Court transferred the case to this Court pursuant to 28 U.S.C. §

1404(a). This decision was in error and Plaintiff seeks to have this Court rectify the mistake by retransferring the case back to the Northern District of California, albeit not to the judge that transferred it originally.

Generally, this Court should transfer the case back because this action has no factual connection to the State of Georgia, other than Defendant's presence here. Contrary to the California Court's flawed reasoning, this is woefully insufficient to overcome Plaintiff's choice of venue. Accordingly, pursuant to 28 U.S.C. § 1404(a), this Court should retransfer venue of this action to the Northern District of California for the convenience of the parties and witnesses because a substantial portion of the events alleged in the Complaint took place in California, not Georgia, and a key witnesses can be located in California. Therefore, as set forth more fully below, venue is more properly laid in the District of California, Northern Division.

## ARGUMENT

In considering a motion to transfer venue, a Court may consider a number of factors. These factors, which are discussed below in detail, weigh in favor of transfer of this action to the Northern District of California.

Pursuant to 28 U.S.C. § 1404(a) and the Eleventh Circuit's interpretation of the Statute, this Court should transfer this case to the United States District Court

for the Northern District of California. The Eleventh Circuit has laid out the following factors to be considered when judging whether to transfer:

> (1) The convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to a Plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*See Manuel v. Convergy's Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Applying these factors, based on the totality of circumstances, it is clear that this case should be retransferred to the Northern District of California.

### A.    California Is More Convenient For The Witnesses.

The majority of the witnesses to this action are clients of Plaintiff and, therefore, California is a far more convenient location for the witnesses. *See* Declaration Of Ajeenah Crittendon ("Crittendon Affidavit"), attached as Exhibit 1. The only witnesses with intimate knowledge of the facts of this case that could testify to the damage done to Plaintiff's reputation reside in California. Indeed, the only person for which California is not convenient is the Defendant. Accordingly, this factor favors transfer to the Northern District of California.

## B.     The Relevant Documents Are Located In California.

Just as with the witnesses, the majority of the documents necessary to prove that Defendant violated Plaintiff's rights are located in California. Accordingly, this factor favors transfer to the Northern District of California.

## C.     California Is More Convenient For The Parties.

California is more convenient for the parties because the majority of the witnesses and documents reside there. In fact, Georgia has little to no convenience for *any* party other than Defendant. This plainly is not sufficient reason to transfer a case thousands of miles to a venue with no relation to the operative dispute. Thus, this factor also favors retransfer to the Northern District of California.

## D.     The Operative Facts Favor California.

The operative facts favor California because Defendant's actions were designed to harm Plaintiff in the State where she resided—California. Nowhere in the Complaint does Plaintiff allege that any operative facts alleged occurred in Georgia. In fact, the Complaint only makes mention of Georgia as it relates to Defendant's residence. The rest of the complaint references Livermore and Dublin, California and the damage done by Defendant to Plaintiff's business in that Defendant's defamatory statements improperly skewed the communities of Livermore and Dublin's perceptions of Plaintiff and her business. The facts of this

case have no relation to Georgia as California is where Plaintiff alleges that the damage to her reputation occurred. (*See* Compl. ¶ 23.)

As discussed above, Georgia has no nexus to this dispute other than the fact that Defendant resided in the State when she violated the law. Just as with the others, this factor favors retransfer to the Northern District of California.

### E. The Process To Compel Attendance Of Unwilling Witnesses Favors California.

As discussed above, the majority of witnesses and documents are situated in California. By definition, if it becomes necessary to compel unwilling witnesses, California is a far more favorable and convenient venue for *all* parties. This factor favors transfer to the Northern District of California.

### F. The Relative Means Of The Parties Favors California.

The relative means of the parties favors California because California is at the center of this dispute. Defendant's baseless claims of poverty cannot overcome this fact. Indeed, Defendant was able to secure a dismissal of many of Plaintiff's claims *and* an improper transfer *in California*, all while living in Georgia and claiming penury. Her motion to transfer was a thinly veiled improper attempt to bankrupt Plaintiff by having to litigate a case in a venue with little relation to the dispute. Means is not at issue in this dispute and, thus, this factor too favors transfer to the Northern District of California.

### G. Plaintiff Choose California.

In light of the fact that Plaintiff choose to file her case in California, this factor favors her. This Court should transfer this case back to Plaintiff's chosen venue.

### H. Trial Efficiency And The Interests Of Justice Favor California.

As discussed above, trial efficiency and the interests of justice favor California because the majority of witnesses and documents are located there and the nexus of the dispute is there. Again, the lone items connecting Georgia to this dispute is that it is Defendant's state of residence. This is not a sufficient reason to overrule Plaintiff's venue choice, especially when the rulings to date have demonstrated that Defendant is fully capable of advancing her interests in California. The facts demonstrate the precise opposite for Plaintiff—as this Court is aware, an unrelated case was lost because this location presents issues for Plaintiff.

In addition, the Court should retransfer venue to the District of California, Northern Division based on volume. While the weighted civil filings per authorized judgeship in the Northern District of Georgia are trending upwards, the weighted civil filings per authorized judgeship are trending downwards in the Northern District of California. In 2023, the N.D. of Georgia's weighted civil

filings per judgeship was 519, a 9.3% increase from 2022. In the N.D. of California, the weighted civil filing per judgeship was 525, a 6.4% decrease from 2022. Hence, it would not be less expeditious or more expensive to transfer venue to California, where the facts of the case center around (See Judge Robert J. Conrad, Jr., "Judicial Business of the U.S. Courts: 2023 Annual Report," at Table X-1A, https://www.uscourts.gov/sites/default/files/data_tables/jb_x1a_0930.2023.pdf, attached hereto as Ex. A.) Experience dictates that a case likely will be decided more quickly in a forum where there are fewer cases pending and where limited judicial resources are not as taxed. Seeing as the Northern District of Georgia's weighted civil filing per judgeship is trending upwards while the Northern District of California's is trending downwards, California will likely be most expeditious and inexpensive forum.

This factor favors retransfer to the Northern District of California.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff hereby respectfully moves the Court to transfer venue to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## **CERTIFICATE OF FONT SIZE**

I certify that this brief has been prepared in Times New Roman font, 14 point, a font that complies with Local Rule 5.1.

Respectfully submitted, this 4th day of March, 2025.

                              LAW OFFICE OF JASON H. COFFMAN

                              */s/ Jason H. Coffman*
                              Jason H. Coffman
                              Georgia Bar No. 173119

                              **Attorney for Plaintiffs**

3280 Peachtree RD NE, Ste 700
Atlanta, GA 30305
(404) 581-3834
e-mail: jcoffman@jcoffmanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing <u>MEMORANDUM</u> with the Clerk of Court using the CM/ECF system which will automatically send electronic notification to all parties and by causing a copy to be deposited in the United States Mail, postage prepaid, addresses as follows:

> Frank G. Podesta
> FGP Law LLC
> Suite N-3
> 555 Sun Valley Drive
> Roswell, GA 30076

This 4th day of March, 2025.

*/s/ Jason H. Coffman*
Jason H. Coffman

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AJEENAH CRITTENDON, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN: 1:25-cv-00046-TCB |
| | ) |
| ANGELICA MULDROW, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DECLARATION OF AJEENAH CRITTENDON**

NOW COMES, Ajeenah Crittendon, who states as follows:

1. My name is Ajeenah Crittendon. I am over the age of majority and suffer from no legal incapacity. I make this affidavit and declaration from my personal knowledge. I understand that it is being submitted with my Motion to Retransfer Venue of Action (the "Motion").

2. The majority of the witnesses to this action are clients of the Plaintiffs and, therefore, California is a far more convenient location for the witnesses. The majority of witnesses with intimate knowledge of the facts of this case that could testify to the damage done to Plaintiffs' reputation reside in California. Indeed, the only person for which, California is not convenient is the Defendant.

3. California is more convenient for the parties because the majority of the witnesses and documents reside there. In fact, Georgia has little to no convenience for *any* party other than Defendant.

4. The operative facts favor California because Defendant's actions were designed to harm Plaintiffs in the State where they resided—California.

5. Georgia has no nexus to this dispute other than the fact that Defendant resided in the State when she violated the law.

6. Since the majority of witnesses reside in California, by definition, if it becomes necessary to compel unwilling witnesses, California is a far more favorable and convenient venue for *all* parties.

7. Defendant's claims of poverty are baseless.

8. Moreover, Defendant was able to secure a dismissal of many of Plaintiffs' claims *and* an improper transfer *in California*, all while living in Georgia and claiming penury. Her motion to transfer was a thinly veiled improper attempt to bankrupt Plaintiffs by having to litigate a case in a venue with little relation to the dispute. Means is not at issue in this dispute.

9. I purposefully chose to file my case in California, in part, because the injuries and damage to the business brand and personal reputation happen in California, the majority of witnesses and documents are in California.

10. At no time did I or anyone associated with Plaintiffs consent to transferring this case from California.

11. I have attached as Exhibit A my original witness list in the California case.

12. I have attached as Exhibit B my extended witness list in the California case.

13. I have attached as Exhibit C my exhibit list in the California case.

14. I have attached as Exhibit D the affidavit of Shannon Bass

[signature below on this page]

I certify and declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge and belief.

Dated this 24th day of February 2025.

*Ajeenah Crittendon*
Ajeenah Crittendon

# AFFIDAVIT WITNESS LIST
# FOR

EZ E-FILE TAX PREPARERS, INC.,
AJEENAH CRITTENDON

Vs.

ANGELICA MULDROW

1. Witness #1 - Atty. Amiel Wade – [may need to compel/via subpoena]

2. Witness #2 - Atty. Catherine Delcin – [privilege will be waived]

3. Witness #3 - Atty. Christopher Epsha – [privilege will be waived]

4. Witness #4 – SB – Character Witness

5. Witness #5 – PAS [will need to be compelled/via subpoena]

6. Witness #6 – EB - Client

7. Witness #7 – JC - Client

8. Witness #8 – Dr. KL [may need to be compelled/via a subpoena]

9. Witness #9 – SW – Relative [may need to be compelled/via a subpoena]

10. Witness #10 – Belinda Taylor

11. Witness #11 – Joe Willie Muldrow

12. Witness #12 – LM – Client/Character Witness

13. Witness #13 – Ziebarth – Character Witness/Professional Colleague

14. Witness #14 – CS – Client/Character Witness

15. Witness #15 – AK – Client/Character Witness

16. Witness #16 – MP – Client/Character Witness

17. Witness #17 – GB – Ex-client/Character Witness

1

18. Witness #18 – R. Glenn – Ex-client/Character Witness

19. Witness #19 – Angelica Muldrow

20. Witness #20 – Joshaun Muldrow [may need to compel/via a subpoena]

21. Witness #21 – Atty. F. Anthony Dawkins

**NOTE:** Witness List will possibly expand to include several other witnesses at a later date.

Print Name: Ajeenah Crittendon

Signature                                                                    Date: 1/29/2025

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Joaquin
Subscribed and sworn to (or affirmed) before me on this 29 day of Jan, 20 25, by Ajeenah Rasheed Crittendon, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature R De L (Seal)

RIKKI DE LEON
Notary Public • California
San Joaquin County
Commission # 2429894
My Comm. Expires Dec 9, 2026

2

EXHIBIT B

# WITNESS LIST NO. 2

# FOR

EZ E-FILE TAX PREPARERS, INC.,
AJEENAH CRITTENDON

Vs.

ANGELICA MULDROW

1. Witness #22 – Jonathan Muldrow – [may need to compel/via subpoena]

2. Witness #23 – Kondra Wilkes Truesdale – June/July 2021 Gun Incident with Angelica Muldrow - [may need to compel/via subpoena]

3. Witness #24 – Eric O. Truesdale – Muldrow's ex-husband, who witnessed the June/July 2021 Gun Incident between his wife and Angelica Muldrow - [may need to compel/via subpoena]

4. Witness #25 – Deborah Taylor – Muldrow's Mother - [may need to compel/via subpoena]

5. Witness #26 – Dewayne Hubbard - Niece [may need to compel/via subpoena]

**NOTE:** This is the expanded Witness List.

Print Name: AJEENAH CRITTENDON

_Ajeenah Crittendon_                                            02/18/25

Signature                                                                      Date

1

# EXHIBIT C

# EXHIBIT LIST

1. Notarized Affidavit Witness List

2. Signed Extended Witness List

3. Point to **23-16205 – DkEntry 33-1** - 9th Circuit Court of Appeal – August 29, 2024 Remand/Mandate

4. Point to **3:22-cv-09153-RS – Document No. 90** - Plaintiff Opposition Motion to Transfer Change Venue

5. Point to **3:22-cv-09153-RS – Document No. 94** - Plaintiff 2nd Amended Complaint and in the Alternative 3rd Amended Complaint

6. Point to **3:22-cv-09153-RS – Document No. 96 –** Seeborg Granting Motion to Transfer

7. Crittendon Affidavit Letter Challenging Angelica Muldrow's Declaration w/Exhibits

8. Crittendon Affidavit Letter Challenging Joe Muldrow's Declaration Witness Statement with [Exhibits]; May 24, 2005 Letter to Joe Muldrow and June 1, 2005 Letter to District Attorney, Thomas J. Keith of Forsyth County

9. Shannon Bass – Andrea Taylor's Ex-Coworker – Affidavit Statement

10. Crittendon Affidavit Letter Challenging Belinda Taylor's Declaration Witness Statement

11. Muldrow's 1st IRS Investigation Request - Exhibit Documents given during Discovery

12. Muldrow's 2nd IRS Investigation Request – Exhibit Documents given during Discovery

EXHIBIT D

GENERAL

AFFIDAVIT

PLEADING TITLE

I Shannon Bass, hereby make the following statements to be true and correct.

1. I became friends with Andrea Taylor, November 2011 after she was relocated from Addison Illinois to Franklin Indiana, by her Employer KAC.

2. Andrea purchased her home at 869 Southern Pines, Whiteland Indiana. At that time Andrea's grandmother "Mom" moved in so Andrea could take care of her due to her illness, and her aunt "Belinda Taylor", moved in to assist Andrea in caring for Mom while she was at work.

3. "Mom" passed away from Cancer within a month of relocating, and Belinda continued living with Andrea at the address listed above. Andrea Taylor was able bodied and capable of caring for her daily needs, including but not limited to bathing, feeding, clothing, and medical requirements at that time, she was also the sole provider and breadwinner in her household. Belinda Taylor did not work or contribute financially at any point of her stay in Andrea's home.

4. While Belinda lived in Andrea's home Full Time from 2011 until Andrea's passing, she did not drive, and therefore Andrea was solely responsible for Belinda's transportation.

5. Belinda would travel via the bus line between Indianapolis and Chicago; to attend her doctor's appointments so she would not lose her medical benefits associated with residency in Illinois. These trips were very frequent and could last a few days up to a few weeks, depending if Belinda needed to take care of her brother or his grandchildren during his illness regarding his kidneys and transplant status. It was not uncommon for Andrea to pick her up from Chicago or have to take her there due to bus or scheduling conflicts.

6. Belinda always returned to 869 Southern Pines, Whiteland IN, as she resided with Andrea.

7. Andrea underwent financial hardships, during the time Belinda Taylor resided with Andrea. In an effort to help I offered to hire Belinda to work in my home a few days a week. She refused the offer stating "I've worked enough years in my life, that I don't have to.

8. From 2011 to 2016, I spent time with Andrea while she was admitted to the hospital, due to complications with her diabetes.

9. One specific occasion, due to her diabetic neuropathy, she had crushed her foot which required metal pins to be placed in and around her ankle and foot. At that time Belinda did assist Andrea with her wound dressings.

*Shannon Bass*  2/10/25
Signature of Witness   Date

Shannon Bass
Printed Name of Witness