IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AJEENAH CRITTENDON and EZ E-FILE TAX PREPARERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANGELICA MULDROW, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NUMBER 1:25-cv-46-TCB |

**O R D E R**

This case comes before the Court on Plaintiffs' amended motion [111] to change venue. Plaintiffs have also filed a motion [116] to disqualify the undersigned.

**I. Background**

This case spans time and distance.

On February 2, 2022, Angelica Muldrow sued Ajeenah Crittendon and EZ E-File Tax Preparers, Inc. in this Court. *See Muldrow v. EZ E-*

*File Tax Preparers, Inc. et al.*, No. 1:22-cv-554-TCB. Muldrow is Crittendon's niece, and Crittendon is the CEO of EZ.

In the first case, Muldrow alleged that Crittendon had issued fraudulent tax forms to her. In her answer, Crittendon alleged that Muldrow posted defamatory statements on EZ's social media pages and attempted to send law enforcement after Crittendon for abuse and neglect of Muldrow's mother.

The Court granted a preliminary injunction barring Crittendon from filing fraudulent tax forms and ordering her to issue a corrected Form 1099. It also entered judgment against Crittendon pursuant to 26 U.S.C. § 7434(b). Crittendon moved to set aside or vacate the judgment, but the Court denied this request. The Eleventh Circuit affirmed the Court's orders.

Next, Crittendon and EZ filed this case against Muldrow in the Northern District of California. Plaintiffs bring a claim of defamation relating to Muldrow's online comments and a claim under California state law for intentionally making false police reports. The Northern District of California granted Muldrow's motion to dismiss, holding that Plaintiffs' claims were barred by res judicata from the original case in

this Court. The Ninth Circuit affirmed this holding in part and remanded in part regarding "Crittendon's claims premised on Muldrow's conduct that occurred on or after April 2022, which was after the district court in Georgia issued its decision." [79] at 5.

Following remand from the Ninth Circuit, Muldrow moved to change venue to this Court. The Northern District of California granted this request, and the case was transferred to this Court in January 2025.

Now, Plaintiffs are moving to transfer the case back to the Northern District of California, though "not to the judge that transferred it." [117] at 2 (emphasis omitted). Plaintiffs also move to disqualify the undersigned, arguing that he has a bias against Crittendon. The Court will address each motion in turn.

## II. Motion to Disqualify

### A. Legal Standard

In general, a district judge must disqualify himself in any proceeding in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Other, more specific grounds for disqualification include a

personal bias concerning a party. 28 U.S.C. § 455(b)(1).

To warrant recusal or disqualification, any bias "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam) (citing *Jaffe v. Grant*, 793 F.2d 1182, 1188–89 (11th Cir. 1986)). An exception exists for this principle when "the judge's acts demonstrate 'such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *Wood v. Frederick*, No. 21-12238, 2022 WL 1742953, at *4 (11th Cir. May 31, 2022) (per curiam) (quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)).

Alternatively, subsection (b)(1) provides that a judge must recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). As with subsection (a), if a judge acquires this knowledge "in the course of a judicial proceeding," recusal is unnecessary because the alleged prejudice or bias is not "extrajudicial." *See Bailey*, 175 F.3d at 969 (citations omitted); *see also Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) (citing *Liteky v.*

*United States*, 510 U.S. 540, 555 (1994)).

Under each subsection, "a charge of partiality must be supported by facts," not merely speculation or unsupported claims. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam). "[C]onclusory allegations fail to meet the objective standards for recusal under either 28 U.S.C. § 144 or § 455(a)." *Kapordelis v. Carnes*, 482 F. App'x 498, 499 (11th Cir. 2012) (citing *McWhorter*, 906 F.2d at 678).

### B. Discussion

Plaintiffs center their motion for recusal on Crittendon's claim that the undersigned has a bias against her based on alleged "disparaging comments towards Ms. Crittendon, including implying that she is a 'fraud,'" in the previous case in this district. [116] at 2. In her affidavit, Crittendon alleges that the undersigned determined she was a fraud "without hearing my side." [116] at 8.

In the Court's preliminary injunction order in the previous case, it held that Crittendon and EZ Tax "issued two fraudulent Forms 1099-MISC." *Muldrow v. EZ E-File Tax Preparers, Inc.*, No. 1:22-cv-554-TCB, 2022 WL 2349204, at *1 (N.D. Ga. Mar. 22, 2022).

5

Nowhere in the Court's orders nor during the hearing did the Court refer to or imply that Crittendon herself was a "fraud." Whenever the Court used the term "fraudulent," it was referring to the legal definition of fraud which was the cause of action at issue in the case. All the Court's comments in the case were professional and respectful. The Court simply explained the facts and the law of the case without any personal remarks about any of the parties.

Crittendon also mischaracterizes the circumstances of the previous case by asserting that the undersigned implied she was a fraud "without hearing my side" based on the undersigned's refusal to grant an extension request and holding a hearing without Crittendon being present. *See* [116] at 8. In reality, Crittendon "was granted the opportunity to—at her request—appear remotely. Nevertheless, she elected not to appear [at the hearing]." *Muldrow v. EZ E-File Tax Preparers, Inc.*, No. 1:22-cv-554-TCB, 2022 WL 2349205, at *1 (N.D. Ga. May 12, 2022), *aff'd*, No. 22-12108, 2023 WL 3476416 (11th Cir. May 16, 2023).

The Court sets the calendar and has no legal obligation to reschedule for the parties before it. Yet in the previous case, the Court

6

accommodated Crittendon by allowing remote appearance, and she chose not to appear. She cannot now in good faith accuse the undersigned of bias.

In sum, Plaintiffs have not shown that recusal is appropriate, and their motion to disqualify will be denied.

### III.  Motion to Change Venue

In considering a motion to transfer, courts ought to consider the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

After considering the totality of the circumstances, the Northern District of California transferred the case to this Court. In favor of transfer, it noted convenience for Muldrow's witnesses, Muldrow's financial limitations, and judicial efficiency since the Northern District

of Georgia is familiar with the circumstances of this case. Against transfer, it noted Plaintiffs' choice of forum, Crittendon's domicile and representation by counsel in California, and the fact that California law is at issue in this case. After balancing these factors, the Northern District of California found that transfer was appropriate and granted Muldrow's motion.

Plaintiffs now argue that this transfer was wrong and assert that the case should go back to California. In support, Plaintiffs emphasize that California is more convenient for their witnesses, relevant documents are in California, the factual nexus of the case involves California, and the Northern District of Georgia has an increasing case volume. Plaintiffs also dispute that California is an unsuitable venue for Muldrow.

The Court finds that venue in this district is appropriate and will deny Plaintiffs' motion to transfer the case. Regarding Plaintiffs' witnesses and documents, the Court finds that modern conveniences will account for any potential convenience issues. As the Northern District of California noted, "the ease and speed of travel, electronic communications, and the increasing use of virtual court appearances

mean that it will not usually present a significant hardship to litigate in one forum as opposed to another." [96] at 4.

The Court also finds that judicial efficiency favors keeping the case here because the Court is familiar with the underlying facts and parties, and the case should not be further delayed by being sent across the country again. Lastly, the Court notes that all parties are represented by counsel in this forum; this factor weighs in favor of keeping the case as well.

Upon weighing these factors, the Court finds that transfer is not appropriate. Plaintiffs' motion will be denied.

## IV. Conclusion

For these reasons, Plaintiffs' motion [111] for transfer and motion [116] to disqualify the undersigned are denied.

IT IS SO ORDERED this 17th day of April, 2025.

_____
Timothy C. Batten, Sr.
Chief United States District Judge